

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| SHASHAY MORGAN, WILLIAM THOMAS VEASY and AMAL IBRAHIM, on behalf of themselves and others similarly situated, | : : : : : : | **18   800**<br><br>CIVIL ACTION NO.<br><br>CLASS/COLLECTIVE ACTION |
| Plaintiff, | : | JURY TRIAL DEMANDED |
| v. | : : | |
| RCL MANAGEMENT, LLC, d/b/a B-SIDE COMPLEX, BAHAA DAWARA, and IMAD DAWARA, | : : : | |
| Defendant. | : : | |

### CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiff Shashay Morgan ("Morgan"), Plaintiff William Thomas Veasy ("Veasy"), and Plaintiff Amal Ibrahim (Plaintiff "Ibrahim") (collectively, "Plaintiffs"), through their undersigned counsel, individually, and on behalf of all persons similarly situated, file this Class and Collective Action Complaint against Defendant RCL Management, LLC, d/b/a/ B-Side Complex, Bahaa Dawara, and Imad Dawara as joint employers (collectively "Defendants"), seeking all available remedies under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the Pennsylvania Minimum Wage Act ("PMWA"), 43 P.S. §§ 333.101, *et seq.*, and Pennsylvania common law.

Plaintiffs' FLSA claim is asserted as a collective action under FLSA Section 16(b), 29 U.S.C. § 216(b), while their PMWA and common law claims are asserted as a class action under Federal Rule of Civil Procedure 23. *See Knepper v. Rite Aid Corp.*, 675 F.3d 249 (3d Cir. 2012) (FLSA collective action claims and Rule 23 class action claims may proceed together in same lawsuit).

## JURISDICTION AND VENUE

1.    Jurisdiction over the FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.    The Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state law claims because the state law claims derive from a common nucleus of operative facts.

3.    Venue in this Court is proper pursuant to 28 U.S.C. § 1391 because Plaintiffs' claims occurred within this District, Defendant RCL is incorporated in Pennsylvania, Defendant RCL conducts business in this District, and the individual Defendants reside in Pennsylvania and conduct business in this District.

## PARTIES

4.    Plaintiff Shashay Morgan is an individual residing in Philadelphia, Pennsylvania. Plaintiff Morgan worked for Defendants as a Server/Bartender in Philadelphia, Pennsylvania. Pursuant to 29 U.S.C. § 216(b) Plaintiff Morgan has consented to be a Plaintiff in this action. *See* Ex. A.

5.    Plaintiff William Thomas Veasy is an individual residing in Philadelphia, Pennsylvania. Plaintiff Veasy worked for Defendants as a Bartender and Server in Philadelphia, Pennsylvania. Pursuant to 29 U.S.C. § 216(b) Plaintiff Veasy has consented to be a Plaintiff in this action. *See* Ex. B.

6.    Plaintiff Imal Abrahim is an individual residing in Philadelphia, Pennsylvania. Plaintiff Ibrahim works for Defendants as a Server in Philadelphia, Pennsylvania. Pursuant to 29 U.S.C. § 216(b) Plaintiff Abrahim has consented to be a Plaintiff in this action. *See* Ex. C.

7.    Defendant RCL Management, LLC is a corporation that maintains its headquarters in Philadelphia, Pennsylvania and is incorporated in Pennsylvania (PA Entity No. 3999067).

2

8.     Defendant RCL Management, LLC ("RCL") is the owner and management company of several restaurants, nightclubs, and bars in Philadelphia, Pennsylvania.

9.     Defendant Bahaa Dawara ("Bahaa") resides in the state of Pennsylvania. Bahaa is co-owner of RCL and has exerted and continues to exert a substantial amount of control over significant aspects of RCL's day-to-day operation during all relevant time periods.

10.     Defendant Bahaa manages the day-to-day operations of RCL and makes decisions concerning work staffing, personnel matters, pay policies, and compensation.

11.     Defendant Imad Dawara ("Imad") resides in the state of Pennsylvania. Imad is the is co-owner of RCL and has exerted and continues to exert a substantial amount of control over significant aspects of RCL's day-to-day operation during all relevant time periods.

12.     Defendant Imad manages the day-to-day operations of RCL and makes decisions concerning work staffing, personnel matters, pay policies, and compensation.

13.     The unlawful acts alleged in this Class Action and Collective Action Complaint were committed by Defendants and/or Defendant's officers, agents, employees, or representatives, while actively engaged in the management of Defendants' businesses or affairs and with the authorization of the Defendants.

14.     Plaintiffs are employees covered by the FLSA and the PMWA.

15.     Defendants are each an employer covered by the FLSA and the PMWA.

16.     Defendants employ individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person as required by 29 U.S.C. §§ 206-207.

17.     Defendants' annual gross volume of sales made or business done exceeds $500,000.

3

## CLASS DEFINITIONS

18.     Plaintiffs brings Count I and II of this lawsuit pursuant to the FLSA, 29 U.S.C. §

216(b), as a collective action on behalf of themselves and the following class:

> All current and former Bartenders and Servers employed by
> Defendants who performed work in Pennsylvania during the
> applicable limitations period (the "FLSA Class").

19.     Plaintiffs brings Counts III, IV, and V of this lawsuit as a class action pursuant to

Federal Rule of Civil Procedure 23, on behalf of himself and the following class:

> All current and former Bartenders and Servers employed by
> Defendants who performed work in Pennsylvania during the
> applicable limitations period (the "Pennsylvania Class").

20.     The FLSA Class and Pennsylvania Class are together referred to as the "Classes."

21.     Plaintiffs reserve the right to redefine the Classes prior to notice or class

certification, and thereafter, as necessary.

## FACTS

22.     Plaintiff Morgan was employed from July 2015 through November 2016 as a Server

and Bartender in the Defendants' Philadelphia, Pennsylvania location.

23.     Throughout her employment, Defendants failed to pay Plaintiff Morgan an hourly

minimum wage for all hours worked.

24.     Specifically, throughout her employment, Defendants failed to Plaintiff Morgan any

direct cash wages.

25.     Plaintiff Morgan was compensated solely through the tips she received at the end of

each shift.

26.     Throughout her employment, Defendants never notified Plaintiff Morgan or any

other employee that it intended to use their tips to satisfy its minimum wage obligations.

4

27.     Plaintiff Morgan was regularly scheduled to work four (4) days a week.

28.     Plaintiff Morgan regularly worked more than forty (40) hours a week.

29.     Plaintiff Morgan was not provided a dinner break. Accordingly, Plaintiff Morgan routinely worked through her dinner without extra pay and she was unable to take short breaks due the demand of her position. Plaintiff Morgan observed other Class Members routinely work similar schedules. Defendants were aware of and permitted this practice.

30.     Throughout her employment, Defendants failed to pay Plaintiff Morgan overtime for work performed more than forty (40) hours per week.

31.     Defendants required Plaintiff Morgan to reimburse them from her tips, her sole compensation, if a patron walked out on a check or a check and/or credit card was declined after the customer left the premises. Plaintiff Morgan observed other Class Members being subjected to the same pay deduction/reimbursement policy.

32.     Plaintiff Veasy was employed from July 2015 through August 2016 as a Bartender in the Defendants' Philadelphia, Pennsylvania location.

33.     Throughout his employment, Defendants failed to pay Plaintiff Veasy an hourly minimum wage for all hours worked.

34.     Specifically, throughout his employment, Defendants failed to Plaintiff Veasy any direct cash wages.

35.     Plaintiff Veasy was compensated solely through the tips he received at the end of each shift.

36.     Throughout his employment, Defendants never notified Plaintiff Veasy or any other employee that it intended to use their tips to satisfy its minimum wage obligations.

37.     Plaintiff Veasy was regularly scheduled to work six (6) days a week.

38.     Plaintiff Veasy regularly worked more than forty (40) hours a week.

39.     Plaintiff Veasy was not provided a dinner break. Accordingly, Plaintiff Veasy routinely worked through his dinner without extra pay and he was unable to take short breaks due the demand of his position. Plaintiff Veasy observed other Class Members routinely work similar schedules. Defendants were aware of and permitted this practice.

40.     Throughout his employment, Defendants failed to pay Plaintiff Veasy overtime for work performed more than forty (40) hours per week.

41.     Defendants required Plaintiff Veasy to reimburse them from his tips, his sole compensation, if a patron walked out on a check or a check and/or credit card was declined after the customer left the premises. Plaintiff Veasy observed other Class Members being subjected to the same pay deduction/reimbursement policy.

42.     Plaintiff Ibrahim was employed from July 2015 through March 2016 as a Server and Bartender in the Defendants' Philadelphia, Pennsylvania location.

43.     Throughout her employment, Defendants failed to pay Plaintiff Ibrahim an hourly minimum wage for all hours worked.

44.     Specifically, throughout her employment, Defendants failed to Plaintiff Ibrahim any direct cash wages.

45.     Plaintiff Ibrahim was compensated solely through the tips she received at the end of each shift.

46.     Throughout her employment, Defendants never notified Plaintiff Ibrahim or any other employee that it intended to use their tips to satisfy its minimum wage obligations.

47.     Plaintiff Ibrahim was regularly scheduled to work six (6) days a week.

48.     Plaintiff Ibrahim regularly worked more than forty (40) hours a week.

6

49.     Plaintiff Ibrahim was not provided a dinner break. Accordingly, Plaintiff Ibrahim routinely worked through her dinner without extra pay and she was unable to take short breaks due the demand of her position. Plaintiff Ibrahim observed other Class Members routinely work similar schedules. Defendants were aware of and permitted this practice.

50.     Throughout her employment, Defendants failed to pay Plaintiff Ibrahim overtime for work performed more than forty (40) hours per week.

51.     Defendants required Plaintiff Ibrahim to reimburse them from her tips, her sole compensation, if a patron walked out on a check or a check and/or credit card was declined after the customer left the premises. Plaintiff Ibrahim observed other Class Members being subjected to the same pay deduction/reimbursement policy.

52.     Based on information and belief, during the time-period relevant to this lawsuit, Defendants have employed over fifty (50) individuals under the Bartender and Server job title.

53.     Defendants also failed to make, keep and preserve records with respect to Plaintiffs and the Classes sufficient to determine their wages, hours and other conditions of employment.

54.     Defendants failed to notify Plaintiffs and the Classes of the relevant statutory tip credit provisions in violation of 29 U.S.C. § 203(m) and 43 P.S. § 333.103(d).

55.     By failing to pay the applicable statutory minimum wage for each our worked to Plaintiffs and other Bartenders/Servers Defendants have acted willfully and with reckless disregard of clearly applicable FLSA and PMWA provisions.

56.     By failing to pay the overtime premium to Plaintiffs and other Bartenders and Servers, Defendants have acted willfully and with reckless disregard of clearly applicable FLSA and PMWA provisions.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

57.    Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Class defined above.

58.    Plaintiffs desire to pursue their FLSA claim on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

59.    Plaintiffs and the FLSA Class are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Defendants' previously described common pay practices and, because of such practices, were not paid the applicable minimum wage rate by failing to pay any direct cash wage and were not paid the legally mandated overtime premium for hours worked over forty (40) during the workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendants' common compensation, timekeeping and payroll practices.

60.    Specifically, Defendants failed to pay the applicable minimum wage for every hour worked.

61.    In fact, Defendants failed to pay the applicable minimum wage for every hour worked by failing to pay any direct cash wage at all to the Classes.

62.    Further, Defendants failed to pay overtime at time and a half (1 ½) the employee's regular rate as required by the FLSA for hours worked in excess of forty (40) per workweek.

63.    The similarly situated employees are known to Defendants and are readily identifiable and may be located through Defendants' records and the records of any payroll companies Defendants utilize.

64.    Defendants employ many FLSA Class Members in Pennsylvania. These similarly situated employees may be readily notified of this action through direct U.S. mail and/or other

8

appropriate means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

65.    Plaintiffs bring this action as a class action pursuant to FED. R. CIV. P. 23 on behalf of themselves and the Pennsylvania Class as defined above.

66.    The members of the Pennsylvania Class are so numerous that joinder of all members is impracticable.  Upon information and belief, there are more than fifty (50) members of the Pennsylvania Class.

67.    Plaintiffs will fairly and adequately represent and protect the interests of the Pennsylvania Class because there is no conflict between the claims of Plaintiffs and those of the Pennsylvania Class, and Plaintiffs' claims are typical of the claims of the Pennsylvania Class. Plaintiffs' counsel is competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

68.    There are questions of law and fact common to the proposed Pennsylvania Class, which predominate over any questions affecting only individual Class members, including, without limitation: whether Defendants violated and continues to violate Pennsylvania law through its policy or practice of not paying its Bartenders and Severs applicable minimum wages for all hours worked by not paying any direct cash wage and overtime compensation.

69.    Plaintiffs' claims are typical of the claims of the Pennsylvania Class in the following ways, without limitation:  (a) Plaintiffs are members of the Pennsylvania Class; (b) Plaintiffs' claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the Pennsylvania Class; (c) Plaintiffs' claims are based on the same legal and

remedial theories as those of the Pennsylvania Class and involve similar factual circumstances; (d) there are no conflicts between the interests of Plaintiffs and the Pennsylvania Class; and (e) the injuries suffered by Plaintiffs are similar to the injuries suffered by the Pennsylvania Class members.

70.    Class certification is appropriate under FED. R. CIV. P. 23(b)(3) because questions of law and fact common to the Pennsylvania Class predominate over any questions affecting only individual Class members.

71.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy. The Pennsylvania Class is readily identifiable from Defendants' own employment records. Prosecution of separate actions by individual members of the Pennsylvania Class would create the risk of inconsistent or varying adjudications with respect to individual Pennsylvania Class members that would establish incompatible standards of conduct for Defendants.

72.    A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical. Further, the amounts at stake for many of the Pennsylvania Class, while substantial, are not great enough to enable them to maintain separate suits against Defendants.

73.    Without a class action, Defendants will retain the benefit of its wrongdoing, which

will result in further damages to Plaintiffs and the Pennsylvania Class. Plaintiffs envision no difficulty in the management of this action as a class action.

## COUNT I
### Violation of the FLSA – Minimum Wage
### (On Behalf of Plaintiffs and the FLSA Class)

74.    All previous paragraphs are incorporated as though fully set forth herein.

75.    The FLSA requires that covered employees be compensated a minimum hourly wage of no less than $7.25. *See* 29 U.S.C. § 206(a)(1).

76.    Defendants are subject to the wage requirements of the FLSA because Defendants are an "employer" under 29 U.S.C. § 203(d).

77.    At all relevant times, Defendants are an "employer" engaged in interstate commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203.

78.    During all relevant times, Plaintiffs and the FLSA Class are covered employees entitled to the above-described FLSA protections. *See* 29 U.S.C. § 203(e).

79.    Plaintiffs and the FLSA Class are not exempt from the requirements of the FLSA.

80.    Defendants did not pay any direct cash wages to Plaintiffs and the FLSA Class and therefore did not and continues to not pay minimum wages in violation of the FLSA.

81.    Therefore, Defendants' compensation scheme applicable to Plaintiffs and the FLSA Class failed to comply with 29 U.S.C. § 206(a)(1).

82.    Defendants knowingly failed to pay Plaintiffs and the FLSA Class a minimum wage by failing to pay any direct cash wages in violation of 29 U.S.C. § 206(a)(1).

83.    Defendants also failed to make, keep and preserve records with respect to Plaintiffs and the FLSA Class sufficient to determine their wages, hours and other conditions of

11

employment in violation of the FLSA, 29 U.S.C.A. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1),

516.2(c).

84.     In violating the FLSA, Defendants acted willfully and with reckless disregard of

clearly applicable FLSA provisions.

**COUNT II**
**Violation of the FLSA - Overtime**
**(On Behalf of Plaintiffs and the FLSA Class)**

85.     All previous paragraphs are incorporated as though fully set forth herein.

86.     The FLSA requires that covered employees be compensated for all hours worked

in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the

regular rate at which he is employed.  *See* 29 U.S.C. § 207(a)(1).

87.     Defendants are subject to the wage requirements of the FLSA because Defendants

are an "employer" under 29 U.S.C. § 203(d).

88.     At all relevant times, Defendants are an "employer" engaged in interstate

commerce and/or in the production of goods for commerce within the meaning of the FLSA, 29

U.S.C. § 203.

89.     During all relevant times, Plaintiffs and the FLSA Class are covered employees

entitled to the above-described FLSA protections. *See* 29 U.S.C. § 203(e).

90.     Plaintiffs and the FLSA Class are not exempt from the requirements of the FLSA.

Plaintiffs and the FLSA Class are entitled to be paid overtime compensation for all hours worked

over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1).

91.     Defendants' compensation scheme applicable to Plaintiffs and the FLSA Class

failed to comply with 29 U.S.C. § 207(a)(1).

92.     Defendants knowingly failed to compensate Plaintiffs and the FLSA Class at a rate

12

of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

93.    Defendants also failed to make, keep and preserve records with respect to Plaintiffs and the FLSA Class sufficient to determine their wages, hours and other conditions of employment in violation of the FLSA, 29 U.S.C.A. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c).

94.    In violating the FLSA, Defendants acted willfully and with reckless disregard of clearly applicable FLSA provisions.

**COUNT III**
**Violation of the Pennsylvania Minimum Wage Act – Minimum Wage**
**(On Behalf of Plaintiffs and the Pennsylvania Class)**

95.    All previous paragraphs are incorporated as though fully set forth herein.

96.    The Pennsylvania Minimum Wage Act of 1968 ("PMWA") requires that covered employees be compensated for all hours worked. *See* 43 P.S. § 333.104(a) and 34 PA. CODE § 231.21(b).

97.    The PMWA, 43 P.S.§ 333.104(a) entitles employees to a minimum hourly wage of $7.25.

98.    Plaintiffs and the Pennsylvania Class are not exempt from the PMWA.

99.    During all relevant times, Plaintiffs and the Pennsylvania Class were covered employees entitled to the above-described PMWA's protections. *See* 43 P.S. § 333.103(h).

100.    Defendants' compensation scheme that is applicable to Plaintiffs and the Pennsylvania Class failed to comply with 43 P.S. §§ 333.104(a).

101.    Defendants failed to pay their employees any direct cash wages at all.

102.    Defendants failed to compensate Plaintiffs and the Pennsylvania Class for all hours

worked. *See* 34 PA. CODE § 231.41(b).

103.    Defendants also failed to make, keep and preserve records with respect to Plaintiffs and the Pennsylvania Class sufficient to determine their wages, hours and other conditions of employment in violation of the PMWA, 43 P.S. § 333.108 and 34 Pa. Code § 231.34.

104.    Pursuant 43 P.S. § 333.113, employers, such as the Defendants, who fail to pay an employee wages in conformance with the PMWA shall be liable to the employee for the wages or expenses that were not paid, court costs and attorneys' fees incurred in recovering the unpaid wages.

**COUNT IV**
**Violation of the Pennsylvania Minimum Wage Act - Overtime**
**(On Behalf of Plaintiffs and the Pennsylvania Class)**

105.    All previous paragraphs are incorporated as though fully set forth herein.

106.    The Pennsylvania Minimum Wage Act of 1968 ("PMWA") requires that covered employees be compensated for all hours worked. *See* 43 P.S. § 333.104(c) and 34 PA. CODE § 231.21(b).

107.    The PMWA also requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular hourly rate at which he is employed. *See* 43 P.S. § 333.104(c).

108.    Defendants are subject to the overtime requirements of the PMWA because Defendants are an employer under 43 P.S. § 333.103(g).

109.    Plaintiffs and the Pennsylvania Class are not exempt from the PMWA.

110.    During all relevant times, Plaintiffs and the Pennsylvania Class were covered employees entitled to the above-described PMWA's protections. *See* 43 P.S. § 333.103(h).

111.    Defendants' compensation scheme that is applicable to Plaintiffs and the

Pennsylvania Class failed to comply with 43 P.S. §§ 333.104(c).

112.    Defendants failed to compensate Plaintiffs and the Pennsylvania Class for all hours worked. *See* 34 PA. CODE § 231.41(b).

113.    Defendants failed to compensate Plaintiffs and the Pennsylvania Class at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 43 P.S. § 333.104(c) and 34 PA. CODE § 231.41.

114.    Pursuant 43 P.S. § 333.113, employers, such as the Defendants, who fail to pay an employee wages in conformance with the PMWA shall be liable to the employee for the wages or expenses that were not paid, court costs and attorneys' fees incurred in recovering the unpaid wages.

**COUNT V**
**Unjust Enrichment**
**(On Behalf of Plaintiffs and the Pennsylvania Class)**

115.    All previous paragraphs are incorporated as though fully set forth herein.

116.    Defendants have received and benefited from the uncompensated labors of the Plaintiffs and the Pennsylvania Class, such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

117.    At all relevant times hereto, Defendants devised and implemented a plan to increase its earnings and profits by fostering a scheme of securing work from Plaintiffs and the Pennsylvania Class without properly paying the direct cash wage compensation for all hours worked including overtime compensation.

118.    Contrary to all good faith and fair dealing, Defendants induced Plaintiffs and the Pennsylvania Class to perform work while failing to properly compensate for all hours worked as required by law including overtime compensation.

119.    By reason of having secured the work and efforts of the Plaintiffs and the Pennsylvania Class without proper compensation as required by law, Defendants enjoyed reduced overhead with respect to its labor costs and therefore realized additional earnings and profits to its own benefit and to the detriment of the Plaintiffs and the Pennsylvania Class. Defendants retained and continues to retain such benefits contrary to the fundamental principles of justice, equity and good conscience.

120.    Accordingly, Plaintiffs and the Pennsylvania Class are entitled to judgment in an amount equal to the benefits unjustly retained by the Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek the following relief on behalf of themselves and all others similarly situated:

    a.  An order permitting this litigation to proceed as an FLSA collective action pursuant to 29 U.S.C. § 216(b);

    b.  Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Class members;

    c.  An order permitting this litigation to proceed as a class action pursuant to FED. R. CIV. P. 23 on behalf of the Pennsylvania Class;

    d.  Back pay damages (including unpaid overtime compensation, unpaid spread of hours payments and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

    e.  Liquidated damages to the fullest extent permitted under the law;

    f.  Litigation costs, expenses and attorneys' fees to the fullest extent permitted under the law; and

    g.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury for all issues of fact.

16

Dated: February 23, 2018

Respectfully submitted,

WILLIG, WILLIAMS & DAVIDSON

Ryan Allen Hancock (PA 92590)
Bruce Ludwig (PA 23251)
Willig, Williams & Davidson
1845 Walnut Street, 24th Floor
Philadelphia, PA  19103
Telephone: (215) 656-3600
Facsimile: (215) 567-2310
rhancock@wwdlaw.com
bludwig@wwdlaw.com

*Attorneys for Plaintiffs
and the Proposed Classes*

17

# EXHIBIT A

## CONSENT TO JOIN COLLECTIVE ACTION
### *Morgan, et al. v. RCL MANAGEMENT, LLC et al.*
United States District Court, Eastern District of Pennsylvania

**Complete And Mail, Email or Fax To:**
RCL MANAGEMENT, LLC MINIMUM WAGE AND OVERTIME LITIGATION

### RYANALLEN HANCOCK, ESQ.

WILLIG, WILLIAMS & DAVIDSON
PHILADELPHIA PA 19103
FAX: (215) 733-0876
EMAIL: rhancock@wwdlaw.com

| Name: Sashay Morgan (Please Print) | Phone No.: 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 |
|---|---|
| Address: 5835 W Thompson St Phila P.A 19131 | Email: Sashaymorgan@yahoo.com |

### Pursuant to Fair Labor Standards Act, 29 U.S.C. § 216(b)

1.  I consent and agree to pursue my claims arising out of alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* in connection with the above-referenced lawsuit.

2.  I worked as a _____ _____ for RCL Management, LLC, d/b/a B Side Complex, Bahaa Dawara, and Imad Dawara ("Defendants") from on or about (dates(s)) _____ to on or about (dates(s)) 11/16 _____. In at least one of those workweeks, I worked more than forty (40) hours and was not paid an hourly minimum wage or overtime for my work.

3.  I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* I hereby agree and opt-in to become a Plaintiff herein and be bound by any judgment of the Court or any settlement of this action.

4.  I specifically authorize the attorneys Willig, Williams & Davidson as my agents to prosecute this lawsuit on my behalf and to negotiate a settlement of any and all claims I have against the Defendant in this case.

| 2/20/2018 (Date Signed) | (Signature) |
|---|---|

### **IMPORTANT NOTE**
Statute of Limitations concerns mandate that you return this form as soon as possible to preserve your rights.

# EXHIBIT B

## CONSENT TO JOIN COLLECTIVE ACTION
### *Morgan, et al. v. RCL MANAGEMENT, LLC et al.*
United States District Court, Eastern District of Pennsylvania

### Complete And Mail, Email or Fax To:
RCL MANAGEMENT, LLC MINIMUM WAGE AND OVERTIME LITIGATION
### RYANALLEN HANCOCK, ESQ.
WILLIG, WILLIAMS & DAVIDSON
PHILADELPHIA PA 19103
FAX: (215) 733-0876
EMAIL: rhancock@wwdlaw.com

| | |
|---|---|
| Name:<br>  William Veasy      (Please Print) | Phone No.: 484-505-6734 |
| Address:<br>  620 E Thayer Street<br>  Philadelphia, PA 19134 | Email:<br>  William.veasy@gmail.com |

### Pursuant to Fair Labor Standards Act, 29 U.S.C. § 216(b)

1.  I consent and agree to pursue my claims arising out of alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* in connection with the above-referenced lawsuit.

2.  I worked as a Bartender and Server for RCL Management, LLC, d/b/a B-Side Complex, Bahaa Dawara, and Imad Dawara ("Defendants") from on or about (dates(s)) July 2015 to on or about (dates(s)) August 2016. In at least one of those workweeks, I worked more than forty (40) hours and was not paid an hourly minimum wage or overtime for my work.

3.  I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* I hereby agree and opt-in to become a Plaintiff herein and be bound by any judgment of the Court or any settlement of this action.

4.  I specifically authorize the attorneys Willig, Williams & Davidson as my agents to prosecute this lawsuit on my behalf and to negotiate a settlement of any and all claims I have against the Defendant in this case.

| | |
|---|---|
| 2-22-18          (Date Signed) | William V.          (Signature) |

**\*\*IMPORTANT NOTE\*\***
**Statute of Limitations concerns mandate that you return this form as soon as possible to preserve your rights.**

# EXHIBIT C

## CONSENT TO JOIN COLLECTIVE ACTION
*Morgan, et al. v. RCL MANAGEMENT, LLC et al.*
United States District Court, Eastern District of Pennsylvania

**Complete And Mail, Email or Fax To:**
RCL MANAGEMENT, LLC MINIMUM WAGE AND OVERTIME LITIGATION
RYANALLEN HANCOCK, ESQ.
WILLIG, WILLIAMS & DAVIDSON
PHILADELPHIA PA 19103
FAX: (215) 733-0876
EMAIL: rhancock@wwdlaw.com

| Name: AMAL IBRAHIM (Please Print) | Phone No.: 2672074786 |
|---|---|
| Address: 1003 s 13th street Philadelphia PA | Email: Amalibrahim22@gmail.com |

### Pursuant to Fair Labor Standards Act, 29 U.S.C. § 216(b)

1.  I consent and agree to pursue my claims arising out of alleged violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* in connection with the above-referenced lawsuit.

2.  I worked as a Bartender for RCL Management, LLC, d/b/a B-Side Complex, Bahaa Dawara, and Imad Dawara ("Defendants") from on or about **(dates(s))** 8|20|2015 to on or about **(dates(s))** 03|6|2016 . In at least one of those workweeks, I worked more than forty (40) hours and was not paid an hourly minimum wage or overtime for my work.

3.  I understand that this lawsuit is brought under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* I hereby agree and opt-in to become a Plaintiff herein and be bound by any judgment of the Court or any settlement of this action.

4.  I specifically authorize the attorneys Willig, Williams & Davidson as my agents to prosecute this lawsuit on my behalf and to negotiate a settlement of any and all claims I have against the Defendant in this case.

| 2|22|2018 (Date Signed) | (Signature) |
|---|---|

**\*\*IMPORTANT NOTE\*\***
**Statute of Limitations concerns mandate that you return this form as soon as possible to preserve your rights.**