IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SHASHAY MORGAN, ET AL.**, | : | CIVIL ACTION |
| *Plaintiffs,* | : | |
| v. | : | No. 18-cv-0800 |
| **RCL MGMT., LLC, ET AL.**, | : | |
| *Defendants.* | : | |

**Goldberg, J.**                                                                                                                       **June 23, 2020**

### MEMORANDUM OPINION

In this putative class and collective Fair Labor Standards Act and Pennsylvania Minimum Wage Act action, Plaintiffs allege that their employers failed to pay them hourly minimum wage and overtime compensation. Following entry of default, then default judgment against all Defendants, which Defendants did not oppose, the parties submitted opposing briefs on damages, which are now ripe for my review.

### I.     FACTUAL AND PROCEDURAL BACKGROUND[1]

Defendants, RCL Management LLC, and the LLC's owners, Bahaa and Imad Dawara, own and manage several restaurants, nightclubs, and bars in Philadelphia. (Compl. ¶ 8.) Plaintiffs, Shashay Morgan, William Thomas Veasy, and Imal Abrahim, were employed by Defendants as bartenders and servers. (Id. ¶¶ 4–6.) Plaintiffs filed their Complaint on February 23, 2018, alleging violations of the Fair Labor Standards Act ("FLSA") (Counts One and Two),

---

[1]     The following facts are taken from the Complaint, the parties' briefs on damages, and the exhibits and affidavits attached thereto.

1

the Pennsylvania Minimum Wage Act ("PMWA") (Counts Three and Four), and unjust enrichment (Count Five).  (Id. ¶¶ 47–120, ECF No. 1.)

On April 10, 2018, Plaintiffs filed a Request for Entry of Default, and the Clerk entered the default against all Defendants for failure to respond.  (ECF No. 7.)  On May 10, 2018, I issued an order directing Plaintiffs to file a Motion for Default Judgment by May 24, 2018.  (ECF No. 9.)  On May 23, 2018, counsel for Defendants first entered his appearance.  (ECF No. 10.)

On May 29, 2018, the parties jointly stipulated to a referral to Judge Strawbridge for settlement purposes and for leave to conduct limited discovery on the issue of damages.  (ECF Nos. 11, 12, 13.)  Between June 13, 2018 and November 2, 2018, the parties unsuccessfully engaged in settlement with Judge Strawbridge.  (ECF Nos. 15, 20, 23.)

On May 7, 2019, Plaintiffs moved for default judgment.  (ECF No. 27.)  Defendants did not oppose default judgment but requested the opportunity to brief the issue of damages.  (ECF No. 29.)  On June 20, 2019, I entered an Order granting default judgment in favor of Plaintiffs and ordered briefing on the issue of damages.  (ECF No. 30.)  The parties filed their respective damages briefs, which are ripe for my review.

## II. LEGAL STANDARD

### A. Standards Governing Damages following Entry of Default

Once a defendant is adjudicated to be in default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true."  Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 2688, at 58 (1998); see also Thompson v. Wooster, 114 U.S. 104, 111 (1885).  The plaintiff bears the burden of proving that they are entitled to recover damages and must substantiate the amount, such as through affidavits or other

appropriate evidence. Punter v. Jasmin Int'l Corp., No. 12-7828, 2014 WL 4854446, at *3 (D.N.J. Sept. 30, 2014) (citing Rochez Bros., Inc. v. Rhoades, 527 F.2d 891, 894 (3d Cir. 1975)).

### B. Standards Governing Settlement of Fair Labor Standards Act Claims

"The FLSA establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract." Davis v. Abington Mem'l Hosp., 765 F.3d 236, 241 (3d Cir. 2014) (quoting Genesis Healthcare Corp. v. Symczyk, 569 U.S. 66, 69 (2013)). If employers violate the FLSA's minimum wage and overtime provisions, codified at 29 U.S.C. §§ 206 and 207, respectively, employers may be liable to affected employees "in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." Id. (citing 29 U.S.C. § 216(b)). The court may conduct a hearing to determine the damages amount, pursuant to Fed. R. Civ. P. 55(b)(2); however, a hearing is unnecessary "as long as [the court] ensure[s] that there [is] a basis for the damages specified in the default judgment." Torres v. Innovate Logistics, LLC, No. 15-5770, 2017 WL 2600550, at *3 (D.N.J. June 15, 2017), amended, No. 15-5770, 2017 WL 2727085 (D.N.J. June 23, 2017) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).

### III. DISCUSSION

Having previously determined that Plaintiffs are entitled to default judgment (ECF No. 30), I must now calculate the appropriate amount of Plaintiffs' damages and attorneys' fees and costs. Upon consideration of the affidavits, documents, and briefing, I find that the parties' submissions provide sufficient support to determine the extent of Plaintiffs' damages and that no hearing is needed.

### A. Federal and State Overtime and Minimum Wage Claims

Plaintiffs assert claims for violations of the minimum wage and overtime requirements of the FLSA and PMWA.[2] To substantiate their damages, the three Plaintiffs submitted sworn affidavits and a work schedule. Each Plaintiff's affidavit indicates that they were not paid minimum wage or overtime for their hours worked.

In opposition, Defendants submitted a sworn affidavit of Defendant Imad Dawara, the owner of Defendant RCL Management from 2012 through 2018. Defendants contend that RCL Management's employees were paid a "shift-pay" between forty or fifty dollars per shift. Defendants claim that the shift pay would always total more than minimum wage. But other than this assertion, Defendants have produced no evidence to substantiate this claim and indicate that their compensation records were destroyed in a fire in 2018. And Defendants provide only general statements as to compensation but do not address each individual Plaintiff's specific claim for damages. Therefore, I find that Defendants have failed to provide relevant, contradictory evidence in response to Plaintiffs' evidence of damages as described below.

As for specifics, Plaintiff Morgan submitted an affidavit averring that she worked between July 2015 and November 2016 for seventy (70) weeks at five days a week. Plaintiff Morgan further certified that she worked an average of forty-five (45) hours per week for which she was not paid minimum wage or overtime compensation. Based on this evidence, and upon multiplying federal minimum wage rate of $7.25 per hour by seventy weeks by forty hours worked weekly ($7.25 times 70 times 40), Plaintiff Morgan is entitled to $20,300.00 in unpaid wages. Plaintiff Morgan is also entitled to $3,806.25 in overtime wages, which is calculated by multiplying the requisite overtime rate (1.5X) of $10.875 by five hours by seventy weeks

---

[2] Because claims for violations of the minimum wage requirements of the FLSA and PMWA are duplicative, Plaintiffs are not entitled to a double recovery. The same goes for Plaintiffs' claims for overtime violations of the FLSA and PMWA.

($10.875 times 5 times 70). Cumulatively, Plaintiff Morgan is entitled to recover $24,106.25 for minimum wages and overtime.

Next, Plaintiff Ibrahim submitted an affidavit averring that he worked between July 2015 and March 2016 for forty (40) weeks at five to six days a week. Plaintiff Ibrahim further certified that he worked an average of forty-five (45) hours per week for which he was not paid minimum wage or overtime compensation. Based on this evidence, and upon multiplying federal minimum wage rate of $7.25 per hour by forty weeks by forty hours worked weekly ($7.25 times 40 times 40), Plaintiff Ibrahim is entitled to $11,600.00 in unpaid wages. Plaintiff Ibrahim is also entitled to $2,175.00 in overtime wages, which is calculated by multiplying the requisite overtime rate (1.5X) of $10.875 by five hours by forty weeks ($10.875 times 5 times 40). Cumulatively, Plaintiff Ibrahim is entitled to recover $13,775.00 for minimum wages and overtime.

Finally, Plaintiff Veasy submitted an affidavit averring that he worked between July 2015 and August 2016 for fifty-six (56) weeks at five to six days a week. Plaintiff Veasy further certified that he worked an average of forty-five (45) hours per week for which he was not paid minimum wage or overtime compensation. Based on this evidence, and upon multiplying federal minimum wage rate of $7.25 per hour by fifty-six weeks by forty hours worked weekly ($7.25 times 56 times 40), Plaintiff Veasy is entitled to $16,240.00 in unpaid wages. Plaintiff Veasy is also entitled to $3,045.00 in overtime wages, which is calculated by multiplying the requisite overtime rate (1.5X) of $10.875 by five hours by fifty-six weeks ($10.875 times 5 times 56). Cumulatively, Plaintiff Veasy is entitled to recover $19,285.00 for minimum wages and overtime.

    **B. Liquidated Damages**

Plaintiffs also request liquidated damages on their minimum wage and overtime claims. The FLSA provides for liquidated damages in an amount equal to the actual damages for which the defendant-employer is liable. 29 U.S.C. § 216(b). In FLSA actions, employees are "entitled to liquidated damages unless the employer shows its actions were in good faith and that it had reasonable grounds for believing that its act or omission was not a violation of the FLSA." Qu Wang v. Fu Leen Meng Rest. Ltd. Liab. Co., No. 16-8772, 2018 WL 1027446, at *5 (D.N.J. Feb. 23, 2018) (citing Brock v. Claridge Hotel & Casino, 846 F.2d 180, 187 (3d Cir. 1988)).

The employer bears the burden of proving that liquidated damages are not warranted. Martin v. Cooper Elec. Supply Co., 940 F.2d 896, 908 (3d Cir. 1991). The employer's burden is a "difficult one to meet" as "[d]ouble damages are the norm, single damages the exception." Id. "To defeat such a claim for liquidated damages, when the employer demonstrates to the satisfaction of the court that the act or omission giving rise to such action was in good faith and the employer had reasonable grounds for believing that his act or omission was not a violation of the law, the court may, in its sound discretion, award no liquidated damages or award a smaller amount of liquidated damages." Garcia-Martinez v. V. Puzino Dairy, Inc., No. 11-6829, 2014 WL 7011536, at *2 (D.N.J. Dec. 11, 2014), report and recommendation adopted, No. 11-6829, 2015 WL 132551 (D.N.J. Jan. 8, 2015); 29 USC § 260.

Here, Defendants urge that Plaintiffs are not entitled to liquidated damages, claiming that Defendants have shown a good faith and reasonable grounds for believing that their actions were not in violation of the FLSA. In support, Defendants argue that the destruction of their compensation records in a 2018 fire greatly prejudiced their ability to contradict Plaintiffs' assessments of compensation and time worked. Defendants further claim that they were first-time restaurant owners and thought their "shift-pay" methodology satisfied the FLSA.

Based on a review of the record, I first note that Defendants failed to answer the Complaint and only appeared at the point of entry of default judgment to dispute the extent of damages owed to Plaintiffs. Despite Defendants protestations and based on the evidence in the record and Defendants' actions and lack thereof in this lawsuit, I conclude that Defendants have failed to meet their burden of establishing a good faith or reasonable basis for believing that their actions were not in violation of the FLSA.

Accordingly, each Plaintiff is also entitled to liquidated damages equal to the amount of his or her actual damages, as follows: (1) $24,106.25 in liquidated damages to Plaintiff Morgan; (2) $13,775.00 in liquidated damages to Plaintiff Ibrahim; and (3) $19,285.00 in liquidated damages to Plaintiff Veasy. See 29 U.S.C. § 216(b).

### C. Attorneys' Fees and Costs

Finally, Plaintiffs request attorneys' fees and costs. Defendants provide no response on this issue. The FLSA provides that "[t]he court in such action shall, in addition to any judgment award to plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the cost of the action." 29 U.S.C. § 216(b). Courts within the Third Circuit generally apply the "percentage-of-recovery" method when assessing the reasonableness of an attorney's fee award. See, e.g., Mabry v. Hildebrandt, No. 14-5525, 2015 WL 5025810, at *3 (E.D. Pa. Aug. 24, 2015). "In this Circuit, the percentage of recovery award in FLSA common fund cases ranges from roughly 20–45%." Id. at *4 (collecting cases). Plaintiffs' request for attorneys' fees of $19,640.00[3] falls below that range, accounting for approximately seventeen percent of the total recovery ($114,332.50).

The reasonableness of the attorneys' fee award is further supported by the work counsel

---

[3] This total does not include the $1,125.73 expenses incurred by Plaintiffs' counsel. (Declaration of Ryan Allen Hancock at 5, ECF No. 31-1.)

was required to perform in this matter. Plaintiffs' counsel has spent 49.1 hours litigating this case. Those hours worked include, but are not limited to, the investigation of Plaintiffs' claims, the review of relevant documents, preparation for and execution of a Rule 30(b)(6) deposition, and the preparation for and participation in the mediation before Magistrate Judge Strawbridge.

Setting aside this work performed, the reasonableness of counsel's requested fee is additionally confirmed by considering the award that would have been permitted when applying the "lodestar" method. The Third Circuit recommends that "district courts use the lodestar method to cross-check the reasonableness of a percentage-of-recovery fee award." In re AT&T Corp., 455 F.3d 160, 164 (3d Cir. 2006). The lodestar formula "requires multiplying the number of hours reasonably expended by a reasonable hourly rate." Maldonado v. Houstoun, 256 F.3d 181, 184 (3d Cir. 2001).

Here, Plaintiffs provided billing information and has certified attorneys' fees in the amount of $19,640.00. These fees were based on a rate of $400 per hour, which this Court finds reasonable in light of the prevailing market rates in the community. Washington v. Phila. Cty. Court of Common Pleas, 89 F.3d 1031, 1036 (3d Cir.1996) ("Where . . . the plaintiff has met his prima facie burden under the 'community market rate' lodestar test, and the opposing party has not produced contradictory evidence, the district court may not exercise its discretion to adjust the requested rate downward."); Musa v. Soar Corp., No. 13-2847, 2015 WL 619615, at *3 (E.D. Pa. Feb. 12, 2015) (approving of a $400 hourly rate for plaintiff's attorney in an FLSA action). This Court also finds that the number of hours billed (49.1) is reasonable in light of the work required in this case. Therefore, under the lodestar approach, I find the attorneys' fees requested are reasonable. Hahnemann Univ. Hosp. v. All Shore, Inc., 514 F.3d 300, 310 (3d Cir. 2008).

Plaintiffs also seek to recover their attorneys' costs, which include $1,125.73 for case research, deposition and transcript costs, filing fees, and postage. Upon review of the work performed, I conclude that counsel's expenses are appropriate pursuant to 28 U.S.C. § 1920. Accordingly, Plaintiffs will also be awarded $1,125.73 in attorneys' costs.

Pursuant to 29 U.S.C. § 216(b), Plaintiff is awarded $19,640.00 in attorney's fees and $1,125.73 for costs of litigation for a total of $20,765.73.

## IV. CONCLUSION

For the foregoing reasons, I conclude that Plaintiffs are entitled to damages and attorneys' fees and costs in accordance with this opinion.

An appropriate Order follows.